

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:JD/AHT  
F.#2011R02050

*271 Cadman Plaza East*  
*Brooklyn, New York  11201*

November 26, 2012

By Hand Delivery and ECF

The Honorable Carol B. Amon  
Chief United States District Judge  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:  United States v. Nicholas Santora  
           Criminal Docket No. 12-050 (S-6)(CBA)

Dear Chief Judge Amon:

    The defendant is scheduled to be sentenced on November 30, 2012.  By letter dated November 19, 2012, the defendant argues that he is entitled to a two-point reduction for a minor role in the instant offense.  The defendant also contends that a below-Guidelines sentence is appropriate because of the defendant's health and age.  The government submits this letter in response to the defendant's requests.

I.    Background

    A.    Summary of Charges

    As set forth in the Pre-Sentence Investigation Report ("PSR") and detailed in prior submissions, defendant Nicholas Santora stands before the Court having pled guilty to using extortionate means to collect or attempt to collect an extension of credit, in violation of 18 U.S.C. § 894(a)(1).  By way of background, between November 1, 2006 and May 30, 2008, the defendant, an inducted member, captain and administration member of the Bonanno organized crime family of La Cosa Nostra (the "Bonanno family"), see PSR p. 12, conspired with other members and associates of the Bonanno family and Genovese family to use extortionate means to collect a debt.  See PSR pp. 24-29.  The defendant's willingness to use implied threats of violence and intimidation to threaten individual debtors was caught on audiotape during the investigation.  In addition, although the

defendant was incarcerated before his co-conspirators began collecting the debt, the defendant was nonetheless the person who initially ordered John Doe #2 to pay the debt[1] and directed co-conspirators to collect the debt.  See PSR p. 31.

### B.  The Defendant's Membership in the Bonanno Family

Santora is an inducted member of the Bonanno family, who has held, at various times, the position of associate, soldier, acting captain, captain and administration member.  The defendant's position has been confirmed by cooperating witnesses and by consensual recordings.

The defendant's association with the Bonanno family is confirmed by evidence in the instant case.  Moreover, the defendant's conduct confirms his rank in the Bonanno family.  As detailed in the PSR, the defendant attended a "sit-down" as a captain in the Bonanno family in order to collect an extension of credit and ordered subordinates to collect the debt, which demonstrates his rank and power within the criminal enterprise.

### C.  The Defendant's Guilty Plea

On July 3, 2012, the defendant pleaded guilty before Your Honor to Count Two of the sixth Superseding Indictment pursuant to a plea agreement.  In the plea agreement, the government estimated that the applicable advisory Guidelines range was 21 to 27 months, based on an adjusted offense level of 12 and an estimated criminal history category of IV.

### D.  The Pre-Sentence Report

On September 25, 2012, Probation estimated a Guidelines range of 21 to 27 months of incarceration, based on an adjusted offense level of 14, with a criminal history category of III.  (PSR ¶ 114).  The discrepancy between the Guidelines calculation in the plea agreement and the PSR is based on the following: First, Probation opposes a two-point reduction for minor role, as delineated in the plea agreement.  (PSR ¶ 39).  Notwithstanding Probation's conclusion to the contrary, the government believes

---

[1]  The PSR states that John Doe #2 "sought Santora for representation."  The defendant correctly notes that this is not accurate.  In fact, John Doe #2 sought representation from Vito Badamo, a soldier in the Bonanno family, who in turn sought representation from the defendant, a captain in the Bonanno family.

3

that the reduction for minor role is appropriate in light of the defendant's incarceration shortly after the "sit-down" and the lack of evidence that he received any money from the collection of the debt. See PSR p. 31. Second, Probation calculated the defendant's criminal history as category III, a calculation which the government does not oppose. Thus, the government respectfully submits that the applicable advisory Guidelines range is 15 to 21 months, based upon an adjusted offense level of 12 with a criminal history category of III.

II. Argument

    A. Legal Standard

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007) (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the court] may not presume that the Guidelines range is reasonable. (The court) must make an individualized assessment based on the facts presented." Id. at 49 (citation and footnote omitted).

    B. The Defendant Should Not Receive a Downward Departure Because of His Medical Condition

Section 5H1.4 of the Guidelines makes clear that "[p]hysical condition . . . is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.4. As the Second Circuit has observed, however, a condition that renders a defendant "seriously infirm" may be sufficient to warrant departure. United States v. Altman, 48 F.3d 96, 104 (2d Cir. 1995). Elaborating on this standard, the Altman court suggested that a downward departure under Section 5H1.4 is not warranted unless the defendant is seriously infirm with a medical condition that cannot be cared for adequately by the Bureau of Prisons. See id.; see also U.S.S.G. § 5H1.4.

It is therefore the defendant's task to convince the court that the Bureau of Prisons could not accommodate his maladies. This he cannot do. In this case, the defendant has represented that he suffers from advanced age and a variety of medical conditions. See Def. Mem. at 2-4. Although the defendant's submission outlines numerous physical conditions,

4

none of the ailments from which the defendant suffers render him "seriously infirm" as that phrase was interpreted in Altman. Indeed, the defendant cannot establish that the BOP would be incapable of attending to his physical condition. As the Court is aware, individuals with physical conditions similar to or more serious than the defendant's are routinely housed in appropriate BOP facilities. Accordingly, the defendant's motion for a non-Guidelines sentence on the basis of his medical condition should be denied.

    C.    The 3553(a) Factors Indicate That a Guidelines Sentence Is Appropriate In This Case

The factors outlined in 18 U.S.C. § 3553(a) show that a Guidelines sentence is appropriate in this case.

    1.    History and Circumstances of the Offense

As detailed above and in the PSR, the defendant was an associate, soldier, captain and senior administration member of the Bonanno family for many years and was personally engaged in conduct to collect unlawful debts on behalf of the Bonanno family. Based on evidence of that conduct, he pled guilty to using extortionate means to collect and attempt to collect one or more extensions of credit.

Given the nature of the underlying offense and the defendant's participation in the offense on behalf of a criminal enterprise, the history and characteristics of the offense weigh in favor of a sentence within the advisory guideline range for the purposes of punishment and promoting general and specific deterrence. See 18 U.S.C. § 3553(a)(1), (a)(2)(A) & (a)(2)(B); (PSR ¶ 40).

    2.    History and Characteristics of the Defendant

As noted above, the defendant has a long history of membership in the Bonanno family. In addition, the defendant has prior convictions for racketeering activity. The defendant's medical condition clearly should be taken into consideration at sentencing. However, they are not sufficient to overcome the substantial evidence of the defendant's history as a member of organized crime, nor do they warrant a sentence below the advisory Guidelines range. For these reasons, the defendant's history and personal characteristics militate in favor of a sentence of incarceration. 18 U.S.C. § 3553(a)(1).

5

      3.    <u>The Need for the Sentence Imposed</u>

The defendant's request for a sentence below the applicable advisory Guidelines should be denied. The defendant's history of involvement in criminal activity as an associate and member of the Bonanno family, a powerful organized criminal group, warrant a sentence of incarceration in this case that will appropriately "reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Indeed, an effective sentence of no or minimal incarceration on a conspiracy charge for a member of the Bonanno family engaged in extortionate means to collect a debt could well promote disrespect for the law. <u>See</u>, <u>e.g.</u>, <u>United States v. Cutler</u>, 520 F.3d 136, 154 (2d Cir. 2008) (concluding that the district court made errors in certain "Guidelines applications and in its departure decisions; that the sentences imposed did not properly interpret certain of the sentencing factors that the court was required to consider under 18 U.S.C. § 3553(a), such as just 'punishment' and deterrence of others; and that some of the court's rationales would promote disrespect for the law").

III. <u>Conclusion</u>

For the foregoing reasons, the Court should impose a sentence within the applicable Guidelines range of 15 to 21 months' incarceration.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                   By:   /s/_____
                         Jack Dennehy
                         Amir H. Toossi
                         Assistant U.S. Attorneys
                         (718) 254-6133/6176

cc:  Clerk of the Court (CBA)
     Richard Rehbock, Esq. (By ECF)